**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,                     CIVIL ACTION NO. RWT 08-CV-2767

       Plaintiffs,

v.

BILL JACKSON & ASSOCIATES
APPRAISERS,
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

       Defendants.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILL JACKSON
& ASSOCIATES' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND, ALTERNATIVELY, MOTION TO DISMISS FOR IMPROPER VENUE AND
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**</u>

Defendant **Bill Jackson & Associates** ("Jackson"), by and through undersigned counsel, submits this its Memorandum of Points and Authorities in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and, alternatively, its Motion to Dismiss for Improper Venue and Motion to Transfer Venue pursuant to 28 U.S.C. §§ 1404(a) and 1406.  In support, Jackson would respectfully show the Court as follows:

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Jackson asserts the District of Maryland has no personal jurisdiction over it and requests that this case be dismissed pursuant to FED. R. CIV. P. 12(b)(2) and 28 U.S.C. § 1406. Jackson has insufficient contacts with the forum to justify the court's exercise of jurisdiction over it or its property. Therefore, the court should dismiss all of Plaintiffs' claims against Jackson. Since Jackson seeks dismissal for lack of personal jurisdiction, Plaintiffs bear the burden of establishing this Court's jurisdiction over Jackson. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

To determine whether this Court has personal jurisdiction over Jackson, it must consider two things, whether Maryland's long-arm statute confers jurisdiction and whether the exercise of jurisdiction comports with Due Process. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). Maryland's long-arm statute allows it to assert personal jurisdiction over defendants to the extent allowed by the Due Process Clause of the Fourteenth Amendment. Md. Code Ann., CTS. & JUD. PROC. § 6-103; *ALS Scan, Inc.,* 293 F.3d at 710. Because Maryland's long-arm statute has been construed to permit the assertion of personal jurisdiction in all cases where jurisdiction does not violate due process, the normal two-step process merges into one. *ALS Scan, Inc.,* 293 F.3d at 710.

For the exercise of personal jurisdiction to comport with due process, the defendant must purposefully establish 'minimum contacts' in the forum..." *Federal Ins. Co. v. Lake Shore Inc.*, 886 F.2d 654 (4th Cir. 1989) *quoting Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985). The minimum contacts, if any exist, may result in either "general" or "specific" jurisdiction. *ALS Scan, Inc.,* 293 F.3d at 710-712. When

the controversy at issue does not arise out of or relate to the non-resident's contacts with the forum, personal jurisdiction over the non-resident can only be asserted where the contacts are sufficiently "continuous and systematic" to support a reasonable exercise of "general" jurisdiction. *Id.* at 712. On the other hand, when a cause of action arises out of a non-resident defendant's contacts with the forum, those contacts may establish specific jurisdiction. *Id.* To determine whether specific jurisdiction exists, courts must consider the extent to which the defendant "purposefully availed" itself of the privilege of conducting activities in the State, whether the plaintiff's claims arose out of the defendant's activities directed at the State, and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *Burger King Corp v. Rudzewicz*, 471 U.S. at 474-476; *ALS Scan, Inc.,* 293 F.3d at 712, *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Plaintiffs' Complaint does not specifically allege either specific or general jurisdiction over Defendant. Plaintiffs do, however, allege that Jackson is subject to the jurisdiction of this Court because it agreed to the terms and conditions of Plaintiffs' website and thus formed a contract under which Jackson consented to jurisdiction. *See Plaintiffs' Complaint*. Plaintiffs have failed to allege sufficient facts to support their assertion that a contract was ever entered into. Specifically Plaintiffs failed to allege any facts regarding when Jackson supposedly accessed Plaintiffs' website, failed to submit any evidence that Jackson did, in fact, access Plaintiffs' website, and failed to submit any evidence that Jackson agreed to the Terms and Conditions thereof. Quite simply, Plaintiffs have failed to even allege - let alone prove by a preponderance of the evidence - sufficient grounds to subject Jackson to jurisdiction of this Court.

Plaintiffs have further failed to allege facts to support personal jurisdiction, either specific or general, over Jackson. The evidence and the arguments contained herein indicate that this Honorable Court lacks personal jurisdiction, either specific or general, over Jackson because Defendant has insufficient contacts with Maryland to be hailed into this Court.

1. **Jurisdiction Based on "Terms of Use"**

Plaintiffs allege this Court has personal jurisdiction over Jackson because it consented to jurisdiction by virtue of the click-through Terms of Use. *Plaintiffs' Complaint.* According to Plaintiffs' Complaint, "the Terms of Use provide that the user 'irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use.'" *Plaintiffs' Complaint.* Plaintiffs fail to mention that the Terms of Use consume 6,363 words on 12 pages of single-spaced print and that the jurisdiction language appears on page 11. A complete reading of the Terms of Use further reveals they do not read quite as Plaintiffs allege. The difference between CoStar's allegations of the Terms of Use content and their actual content, in fact, is critical. The Terms of Use state in pertinent part:

> CoStar is headquartered in the State of Maryland of the United States. These Terms of Use and your use of this Product shall be governed by the laws of the State of Maryland without regard to its conflicts of laws principles. <u>The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for **any action brought against CoStar** in connection with these Terms of Use or use of the Product</u>. You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product.

Plaintiffs incorrectly allege that the Terms of Use designate Maryland as the exclusive forum for any and all litigation to enforce the Terms of Use. Even if Jackson had a contract with Plaintiffs, and further assuming that the average user would wade through 12 pages of single-space print to read the jurisdictional provision on page 11, the Terms of Use do not designate Maryland as the exclusive forum for any and all litigation to enforce the Terms of Use. In truth, the Terms of Use state that a user must file suit in Maryland to sue Plaintiffs over the Terms of Use, but the user may be sued in Maryland or the user's home location. And, Maryland as a forum in this case would be unreasonable under the circumstances because the clause was induced through overreaching, Jackson will be deprived of his day in Court if he has to travel to Maryland to litigate this action particularly considering his age and health. *See*, *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed. 2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed. 2d 622 (1991); *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996).

### 2. No Grounds for Specific Jurisdiction

For a forum to assert specific jurisdiction over a non-resident defendant who has not consented to suit there, the defendant must have purposefully directed his activities at residents of the forum, and the litigation must result from alleged injuries that arose out of or related to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Specific jurisdiction in the electronic or Internet context may be based on an out-of-state resident's Internet activity; however, to satisfy due process concerns, the out-of-state resident's electronic or Internet activity must be (1) directed into the State; (2) with the manifested intent of engaging in business or other interactions within the

State, and (3) cause injury that gives rise to a potential claim cognizable in Maryland. *ALS Scan, Inc.,* 293 F.3d at 714 (adopting standard and holding that "specific jurisdiction in the Internet context may be based <u>only on</u> an out-of-state person's Internet activity directed at Maryland and causing injury that gives rise to a potential claim cognizable in Maryland") (emphasis added).  In *ALS Scan*, the Fourth Circuit held that the defendant's activity of sending electronic signals to Maryland was only passive and insufficient to subject the defendant to personal jurisdiction in Maryland.  *Id.* at 714-715.

From the attached supporting affidavit and the allegations contained in Plaintiffs' Original Complaint, it is clear that no acts or conduct of which Plaintiffs complain physically occurred in Maryland.  *Exhibit A.*  On its face, Plaintiffs' Complaint cites facts occurring almost exclusively in the state of Texas which allegedly caused adverse affects to Plaintiffs in Maryland.

Jackson's contacts with Maryland are insufficient for this Court to exercise personal jurisdiction over it.  Jackson did not purposefully direct its activities at Maryland residents, did not intend to engage in business in Maryland, did not avail itself of the benefits and protections of Maryland law, and conducted no relevant activity in Maryland giving rise to the claims asserted in Plaintiffs' Complaint.  Under the standards established by the United States Supreme Court for asserting specific personal jurisdiction, there is no basis to assert specific jurisdiction over Jackson.

### 3. <u>No Grounds For General Jurisdiction</u>

As previously discussed, to obtain general jurisdiction over a non-resident defendant, the defendant's contact must be sufficiently "continuous and systematic," a

more demanding standard than is necessary to establish specific jurisdiction. *ALS Scan, Inc.,* 293 F.3d at 712.

Plaintiffs make no allegations of Jackson's continuous and systematic contacts with Maryland. Instead, Plaintiffs make general allegations that Jackson, while in Texas, sought access to a website to secure information about real estate in Texas, for business purposes solely related to the state of Texas. Even assuming the website's servers or owners were located in Maryland, an out-of-state resident's regular and systematic transmission of electronic signals into Maryland, without more, is insufficient to confer general jurisdiction. *ALS Scan, Inc.,* 293 F.3d at 715.

As is established by the affidavit of Bill Jackson, Jackson lacks the continuous and systematic contacts required for this Honorable Court to assert general jurisdiction over it. Jackson has no offices, employees, agents, or representatives in the state of Maryland. *Exhibit A.* Jackson has no real or personal property in Maryland. *Id.* Jackson does not have a registered agent for service of Process in Maryland. *Id.* Jackson is not registered to do business in Maryland. *Id.* Jackson has no bank accounts and no assets in Maryland. *Id.* Over the past five years, 0% of Jackson's appraisals of properties were of real estate in Maryland. *Id.*

Based on the foregoing, Jackson does not have sufficient, systematic and continuous contacts with Maryland to properly establish general personal jurisdiction over Jackson. Further, none of the activity which forms the basis of Plaintiffs' Complaint occurred in Maryland. *Exhibit A.*

### 4. Traditional Notions of Fair Play and Substantial Justice

Under both general and specific jurisdiction, if the necessary contacts are established, the court then must determine whether the exercise of jurisdiction will

"offend traditional notions of fair play and substantial justice." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994) (1995). To reach such a determination, courts "tak[e] into account such factors as (a) the burden on the defendant, (b) the interest of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental social policies." *Id.* at 946.

Given the factors articulated in *Lesnick*, the burden of forcing Jackson, a small Texas business, to defend Plaintiffs' claims halfway across the country from its corporate home in Texas is fairly great in comparison to any technical contacts it might have had with Maryland. Whereas, Plaintiffs are by their own admission a large and financially powerful Delaware corporation (see Plaintiffs' Original Complaint), and have little burden in pursuing others regardless of where they are located in the United States. Moreover, there currently exists a suit that is properly pending between the parties to this suit in Texas. *Exhibits D, E*. Because a District Court in the Southern District of Texas has retained jurisdiction over these matters between Plaintiffs and Jackson, judicial economy is served and Plaintiffs' relief is available in Texas, where they can and should bring their claims. Moreover, allowing two suits between the same parties leads to duplicative litigation and the possibility of inconsistent judgments. While Maryland has an interest in adjudicating disputes involving its residents, that interest is no greater than Texas' interest in adjudicating disputes involving its residents, especially given the interest in judicial efficiency. Thus, traditional notions of fair play and substantial justice do not support this Court exercising personal jurisdiction over Jackson. This Court should dismiss Jackson for lack of personal jurisdiction.

## MOTION TO DISMISS FOR IMPROPER VENUE

In the alternative, Jackson asserts that the District of Maryland is an improper venue for this claim and requests that this case be dismissed pursuant to FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406. Section 1391(b) governs when venue is generally proper for a cause of action that involves a federal question. 28 U.S.C. § 1391(b). Since Plaintiffs allege various violations of the United States Code, it is applicable in evaluating whether Plaintiffs selected a proper venue. 28 U.S.C. § 1391(b). A civil action involving a federal question may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

For the purpose of venue under § 1391(b)(1), a corporation, such as Jackson, is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). As discussed above, Jackson is not subject to personal jurisdiction in Maryland and is not "residing" within Maryland. Thus, venue would be improper in the District of Maryland.

The second option for venue is in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or "a substantial part of the property that is subject of the action is situated." 28 U.S.C. § 1391(b)(2). Plaintiffs' Complaint fails to mention that the vast majority of the crucial facts in this case occurred in Harris County, Texas, not Maryland. *Exhibit A and Plaintiffs' Complaint.* In fact, it is

undisputed that the physical acts occurred in Harris County, Texas and the tangible property that forms the basis of Plaintiffs' Complaint is located in Harris County, Texas. *Exhibit A.* Thus, under Section 1391(b)(2), the District of Maryland is an improper venue for this cause of action.

Plaintiffs should have pursued their claims in the Federal District Court of the Southern District of Texas, in the currently pending cause number 4:08-CV-03244, styled Bill Jackson, Inc. d/b/a "Bill Jackson & Associates" and Bill Jackson v. CoStar Realty Information, Inc. d/b/a "CoStar Group" and Curtis Ricketts. As set forth below, Jackson is a resident of Texas. By filing in Maryland, Plaintiffs failed to follow the venue guidelines of 28 U.S.C § 1391 and the District of Maryland is an improper venue for Plaintiffs' causes of action.

## MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Section 1404(a) of Title 28 of the United States Code provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The factors to be considered in determining whether a case should be transferred under § 1404 are:

1.   Convenience of witnesses;

2.   Convenience of parties;

3.   Relative means of the parties;

4.   Locus of operative facts and relative ease of access to sources of proof;

5.   Cost of obtaining attendance of willing witnesses;

6.   Weight accorded the plaintiff's choice of forum;

7. Calendar congestion;

8. Desirability of having the case tried by forum familiar with the substantive law to be applied ;

9. Practical difficulties;

10. How best to serve the interests of justice based on an assessment of the totality of material circumstances;

*See Lauman MFG. Corp. v. Castings USA, Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y. 1996); *ROC, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147 (D.C. Okla.. 1979); *Koehring Co. v. Hyde Construction Co.*, 324 F.2d. 295, 296 (5th Cir. 1963); *Dupre v. Spainer Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000) and *Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441 (E.D. Tex. 1992). When considering these factors, and the facts pertaining to this claim, this Court should be mindful that § 1404 was passed to permit courts to transfer cases upon a lesser showing of inconvenience than that required by the common law doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, (1955). Further, a previously filed action concerning the same nucleus of facts pending in the venue to which transfer is requested weighs heavily in favor of a transfer to the venue of the first filed action. *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 465.

The totality of the factors to be considered in a § 1404 motion as shown below weigh in favor of transfer to the Southern District of Texas Houston Division. While Plaintiffs' choice of forum is to be accorded a reasonable level of deference, such deference should not control to the exclusion of the other factors so as to be contrary to the interest of justice, especially when there is a prior pending action over parts of the same controversy which form the basis of Plaintiffs' claims in the second filed action.

1. **Interests of Justice**

The transfer of this action would obviate having two actions involving the same or similar issues proceeding in different states. *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). To permit a situation in which two cases involving the same issues are simultaneously pending in different courts leads to wastefulness of time, energy and money and is precisely what Section 1404(a) was designed to prevent. *Id.*

The claims asserted in this action are materially related to those asserted by Jackson in the previously filed Texas litigation in which District Judge Gray Miller has retained jurisdiction. *Exhibits D, E.* Plaintiffs should not be allowed to shop for another forum when one Federal Court has already retained jurisdiction over many of the same issues. *Id.* Hence, it is in the best interest of justice to transfer this litigation to a district where related actions are already pending. *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 465; *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 524 (5th Cir. 1988); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986); *FUL Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1313 (N.D.Ill. 1993); *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991); *Martin v. South Carolina Bank*, 811 F.Supp. 679, 686 (M.D. Ga. 1992), rev'd on other grounds, 140 F.3d 1413 (11th Cir. 1998).

A transfer, from this District to the Southern District of Texas Houston Division, will conserve judicial resources. Transferring this matter would avoid the question of personal jurisdiction and any litigation over that matter because Jackson's principal place of business is in the Southern District Texas where jurisdiction over the parties is not in dispute. Courts have used this as a basis for transfer in similar situations. *McLaughlin v. Copeland*, 435 F.Supp. 513, 534 (D.Md. 1977) (transfer would cause only

minimal hardship which was outweighed by substantial advantage of having the case tried by a court whose jurisdiction was certain); *Datasouth Computer v. Three Dimensional Tech.*, 719 F.Supp. 446, 452 (W.D.N.C. 1989) (transferred case to Defendant's State of incorporation to avoid personal jurisdiction issues).

### 2.      Convenience of the Witnesses

Jackson is a small, independent business owned by Bill Jackson and his wife, which has been doing an exclusively residential appraisal business in the Greater Houston Metropolitan area for 32 years. *Exhibit A.* Jackson has only seven (7) full time employees. *Exhibit A.* Mr. Jackson has resided in Harris County, Texas continuously for 46 years. *Exhibit A.* He is 71 years old and in poor health, having had extensive aneurism surgery in March of 2007, from which he has yet to fully recover. *Exhibit A.* Unlike CoStar, who openly proclaims its great size and financial power in its Complaint, Mr. Jackson and his company are of modest means.

The other potential witnesses identified in Plaintiffs' Complaint are employees of Bolton & Baer, who are also residents of Texas, and have offices and business locations in the Dallas, Texas area. The books and records of Jackson and Bolton & Baer and the appraised properties on which Plaintiffs attempt to build their case are admittedly located in Texas, and the computers Plaintiffs allege were used to access their database are located in the Southern District of Texas, Houston Division. *Plaintiffs' Complaint.* Accordingly, it is clear that most of the witnesses that will be needed to prove both Plaintiffs' contentions and Jackson's defenses are located in Texas and most are located in the Southern District of Texas, Houston Division.

### 3. Convenience of Parties

CoStar, as it admits in its Complaint, is a large international corporation that employs over 1,000 people worldwide. On the other hand, Jackson is a small corporation with only seven employees. The disruption of business affairs due to the time and cost of litigation in Maryland could severely devastate Jackson and poses a serious threat to Mr. Jackson's health. *Exhibit A.* The effect on Jackson is far more severe and detrimental then to CoStar, a larger corporation. In almost identical facts to this matter, courts transferred cases to other districts. *SRAM Corp. v. Sunrace Roots Enterprise Co., Ltd.*, 953 F.Supp. 257, 260 (S.D.Ind. 1997) (Court transferred matter to district of corporation with only five employees from district of corporation with over five hundred); *Penwalt Corp. v. Purex Indus., Inc.*, 659 F.Supp. 287, 290 (D.Del. 1986) (Transfer favored when defendant, a small company, would be more inconvenienced by having its employees attend lengthy trial in a district in which action was originally filed, than plaintiff would be inconvenienced by transfer to defendant's principal place of business because plaintiff was a much larger company).

### 4. Financial Strength of Parties

In a similar vein, other courts have held that a court considering transfer under § 1404 may properly consider the relative financial positions of the parties. *Lappe v. Gemological Institute of America, Inc. v. Thi-Dai Phan,* 145 F.Supp.2d 68, 74 (D.D.C. 2001); *American Honda Motor Co., Inc.*, 857 F. Supp. 222 (N.D.N.Y. 1994), aff'd, 101 F.3d 682 (1995); *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994) (transfer denied because defendant, a large corporation, was better able to absorb added expense of litigating away from its home forum than was individual plaintiff).

CoStar is a large and financially powerful corporation with more than 1,000 employees and millions of dollars in annual revenues. *Plaintiff's Complaint at 3.* The Defendant is a small company whose owner and principal executive is in poor health. *Exhibit A.* The parties to this case are not of equal bargaining strength and power and Plaintiffs' choice of forum is not in the interest of justice, but in fact works an injustice as the smaller, less well funded defendant is at a substantial disadvantage bearing almost all of the expense associated with the lawsuit.

### 5. Cost of Obtaining Attendance of Willing Witnesses

As stated in the claims contained in Plaintiffs' Complaint, most of the evidence relating to Plaintiffs' allegations and Jackson's defenses must come from Texas. Any experts and witnesses from that region would be both geographically closer to and available at a lower cost in the Southern District of Texas, Houston Division than in the District of Maryland. The location of relevant witnesses and other evidence is a major factor to be considered in a transfer application. *See e.g.*, *Wine Markets Intern., Inc. v. Bass*, 939 F.Supp. 178, 183 (E.D.N.Y.1996); *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 693 (S.D.N.Y.1994); *Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employers & Technicians*, 574 F.Supp. 668, 670-71 (S.D.N.Y.1983).

The convenience of witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). *Gundle Lining Const. v. Fireman's Fund Ins.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994); *Electronic Transaction Network v. Katz*, 734 F.Supp. 492, 501 (N.D. Ga. 1989); *Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 259 (S.D.N.Y. 1974). The convenience of non-party witnesses, rather than employee witnesses, is the most important factor and is accorded even greater weight. *Gundle Lining Const. v. Fireman's Fund Ins.*, 844 F.Supp. at 1166; *Aquatic*

*Amusement Assoc. v. Walt Disney World*, 734 F.Supp. 54, 57 (S.D.N.Y. 1990); *see also DEV Indus., Inc. v. NPC, Inc.*, 763 F.Supp. 313, 315 (N.D.Ill. 991); *Designs by Glory v. Manhattan Creative Jewelers*, 657 F.Supp. 1257, 1259 (S.D.N.Y.1987). It is clear that the testimony of Bolton & Baer witnesses, a non-party to this litigation, are in Texas. *See Plaintiffs' Complaint.* 28 U.S.C. § 1404.

Therefore, while Plaintiffs' choice of forum is to be given considerable weight, it should not be given weight to the exclusion of all other factors and the convenience of all other parties, witnesses and other considerations of equity and fairness. Therefore, in light of the factors set forth above, should this case not be dismissed for lack of personal jurisdiction, it should, in the interests of equity and justice, be transferred to the Southern District of Texas, Houston Division.

**WHEREFORE, PREMISES CONSIDERED**, **Bill Jackson & Associates** respectfully requests the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, or alternatively, grant its Motion to Transfer Venue to the docket of the United States District Court of Judge Gray Miller in the Southern District of Texas, Houston Division, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**Bromberg Rosenthal LLP**


By: /s/ Eugene W. Policastri
    Eugene W. Policastri (14917)
    401 N. Washington St., Suite 500
    Rockville, MD 20850
    301-251-6200
    301-309-9436 – Facsimile
    ewpolicastri@brsglaw.com

    Attorneys for Defendant,
    Bill Jackson and Associates


**OF COUNSEL:**

**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile


## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of November, 2008, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

    /s/ Eugene W. Policastri
    **Eugene W. Policastri**