# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**COSTAR REALTY INFORMATION, INC.,**
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

**COSTAR GROUP, INC.,**
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,   CIVIL ACTION NO. RWT 08-CV-2767

      **Plaintiffs,**

v.

**BILL JACKSON & ASSOCIATES APPRAISERS,**
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

      **Defendants.**

## BILL JACKSON & ASSOCIATES APPRAISERS' PLEAS TO JURISDICTION AND VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

Defendant Bill Jackson & Associates Appraisers ("Jackson" or "Defendant") by and through undersigned counsel, files this its Jurisdictional and Venue Pleas and, subject thereto, its reply and Original Answer to Plaintiffs' Complaint herein, and in support thereof would respectfully show as follows:

**I.**

## PLEAS TO JURISDICTION AND VENUE

This Answer is subject to the following objections under Rule 12 of the Federal Rules of Civil Procedure subject to separately filed motions on each of the following:

    1.    Rule 12(b)(2), lack of personal jurisdiction;

1

2. Rule 12(b)(3), improper venue;

3. Rule 12(b)(7), failure to join a proper party defendant; and

4. Rule 12(b)(6), failure to state a claim upon which relief can be granted.

## II.

## DEFENDANT'S ORIGINAL ANSWER

AND NOW without waiving the foregoing jurisdictional and venue pleas, Defendant responds to the particular allegations contained in the consecutively numbered paragraphs of Plaintiffs' Original Complaint as follows:

1. Jackson does not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

2. Jackson does not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

3. Denied except to admit that defendant sought to be joined is a corporate entity known as B.F. Jackson, Inc. d/b/a Bill Jackson & Associates.

4. Save as to copyright claims, there is no federal question in this case. Jackson admits that jurisdiction for copyright claims is exclusive to Federal Court. All other allegations are denied.

5. Jackson denies that the amount in controversy exceeds $75,000 or that Plaintiffs' potential damages exceed $75,000. Denied.

6. Denied.

7. Denied.

8. Jackson does not have sufficient information to admit or deny said allegations.

2

9. Jackson does not have sufficient information to admit or deny said allegations.

10. Jackson does not have sufficient information to admit or deny said allegations.

11. Jackson does not have sufficient information to admit or deny said allegations.

12. Jackson does not have sufficient information to admit or deny said allegations.

13. Jackson does not have sufficient information to admit or deny said allegations.

14. Jackson does not have sufficient information to admit or deny said allegations.

15. Jackson does not have sufficient information to admit or deny said allegations.

16. Jackson does not have sufficient information to admit or deny said allegations.

17. Jackson does not have sufficient information to admit or deny said allegations.

18. Denied.

19. Jackson does not have sufficient information to admit or deny said allegations.

20. Jackson does not have sufficient information to admit or deny said allegations

3

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Jackson does not have sufficient information to admit or deny said allegations, therefore the allegations are denied.

29. Jackson does not have sufficient information to admit or deny said allegations, therefore the allegations are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

681352.2/SPH/19870/0101/111808

**III.**

**PRAYER FOR RELIEF**

Jackson states that with respect to Plaintiffs' Prayer for Relief, (1) Jackson denies that Plaintiffs are entitled to any damages, as there was no contract nor breach of contract; (2) no preliminary or permanent injunction nor equitable relief is available to Plaintiffs herein because of the absence of clean hands on behalf of Plaintiffs and Plaintiffs manifestly inequitable and improper conduct in this matter; (3) Jackson was not unjustly enriched to any extent by CoStar or its alleged copyrighted materials; (4) CoStar is not entitled to any compensation or damages from Jackson; (5) Plaintiffs are not entitled to any alleged "per copyrighted work" damages, because Jackson did not infringe on CoStar's alleged copyrights, either innocently or willfully; (6) Plaintiffs are not entitled to any damages under 17 U.S.C. § 505, nor are they entitled to recover any pre-judgment interest or attorneys fees; and finally (7) CoStar is not entitled to secure any further relief whatsoever.

**IV.**

**ADDITIONAL DEFENSES**

Subject to the foregoing objections, pleas, and defenses, Jackson interposes the following defenses and response to the contentions and allegations contained in the Plaintiffs' Complaint:

1. **First Defense**

Defendant is a small, independent business solely engaged in residential real estate appraisals in the greater Houston, Texas area. It is incorporated as B.F. Jackson

Inc. d/b/a Bill Jackson Associates Appraisers and therefore there should be no personal liability assessed against Bill Jackson.

Jackson had no dealings whatsoever with Plaintiffs: Plaintiffs' Complaint admits their alleged copyrighted products, data, and software deal only with commercial real estate. Jackson would show that an entity named Houston Property Consultants, that deals solely with Texas commercial real estate appraisals, on limited occasions accessed Plaintiffs' products or services, and did so with full authority, both actual and apparent, conferred on it by Bolton & Baer ("Baer"), who had been duly authorized by Plaintiffs, both actually and apparently, to grant the right for others to access Plaintiffs' database and websites.

### 2. **Second Defense**

By virtue of Plaintiffs' conduct and business relationship with Baer, a Dallas-based customer and licensee, it vested Baer with actual and apparent authority to grant the right to authorize others to access Plaintiffs' websites and databases. Hence, when Houston Property Consultants accessed Plaintiffs' database and software systems, it was fully authorized to do so. Defendant never accessed said websites and databases, as it had no use for Plaintiffs' products or services.

### 3. **Third Defense**

Jackson had no contract or agreement whatsoever with Plaintiffs or any third party as to Plaintiffs' allegedly copyrighted products, therefore Jackson has not breached any express or implied contract with Plaintiffs. Further, there was never any meeting of the minds between Plaintiffs and Defendant or any third-party involved with

Baer as to the essential terms that would cause a contract to be formed, including but not limited to price, scope of services, or other essential terms of any contract.

### 4. Fourth Defense

Jackson would show that Plaintiffs' business conduct and practices on which its alleged claims are based are so loosely and clumsily constructed as to constitute negligence and contributory fault with respect to the claims made in its Complaint, which was the proximate and sole cause of any alleged damage claimed by Plaintiffs. Defendant would show that Plaintiffs' conduct constituted negligence and gross negligence, such as to be a legal bar to any recovery to the matters alleged in its Complaint.

### 5. Fifth Defense

Plaintiffs' conduct throughout the period set forth in its Complaint and thereafter, up to the date suit was filed, was so improper and wrongful as to constitute a complete and utter lack of clean hands, and has been so inequitable and over-reaching that Plaintiffs are barred from securing any equitable or legal recovery whatsoever in this case. .

### 6. Sixth Defense

Plaintiffs' conduct at all times relevant to their claims as to Defendant has created a bar that should preclude the granting of any relief or the recovery of any damages in excess of $400 a month, during which an authorized third-party had authorized access to Plaintiffs' websites and database.

Jackson would show that Plaintiffs have not sustained any damage in the amount of $5,000 or more as they allege, but in fact Plaintiffs have repeatedly admitted and

7

agreed that the use of the products and services to a user in defendant's position would not exceed the amount of $400 per month.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **BILL JACKSON & ASSOCIATES APPRAISERS** prays that Plaintiffs take nothing by reason of their Complaint herein, that the claims asserted herein against Jackson be dismissed, with prejudice, that Jackson be discharged and released; that Jackson recover its costs; and for such other and further relief, both general and special, at law and in equity, to which Jackson may show itself justly entitled to receive.

        Respectfully submitted,

        **Bromberg Rosenthal LLP**

        By: /s/ Eugene W. Policastri
            Eugene W. Policastri (14917)
            401 N. Washington St., Suite 500
            Rockville, MD 20850
            301-251-6200
            301-309-9436 – Facsimile
            ewpolicastri@brsglaw.com

        Attorneys for Defendant,
        Bill Jackson and Associates

**OF COUNSEL:**

**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of November, 2008, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

/s/ Eugene W. Policastri
**Eugene W. Policastri**