**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., <br> 2 Bethesda Metro Center, 10th Floor <br> Bethesda, Maryland 20814, <br><br> and <br><br> COSTAR GROUP, INC., <br> 2 Bethesda Metro Center, 10th Floor <br> Bethesda, Maryland 20814, <br><br>         Plaintiffs, <br><br> v. <br><br> BILL JACKSON INC., d/b/a BILL JACKSON & ASSOCIATES, <br> 17024 Butte Creek Drive; Suite 200 <br> Houston, TX 77090-2347, <br><br> BILL JACKSON, individually <br> 17024 Butte Creek Drive; Suite 200 <br> Houston, TX 77090-2347, and <br><br> HOUSTON PROPERTY CONSULTANTS, <br> 17024 Butte Creek Drive; Suite 200 <br> Houston, TX 77090-2347, <br><br>         Defendants. | Civil Action No. 8:08-cv-2767 |

## **AMENDED COMPLAINT**

Plaintiffs COSTAR REALTY INFORMATION, INC., a Delaware Corporation, and COSTAR GROUP, INC., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), for their Complaint against Defendants BILL JACKSON INC., doing business as BILL JACKSON & ASSOCIATES

APPRAISERS ("BJI"), BILL JACKSON, individually ("JACKSON"), and HOUSTON PROPERTY CONSULTANTS ("HPC") allege as follows:

## PARTIES

1. CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

2. CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland 20814-5388.

3. Defendant BJI is a corporation whose principal place of business is 17024 Butte Creek Drive, Suite 200, Houston, Texas 77090-2347.

4. Defendant JACKSON is an individual whose principal place of business is 17024 Butte Creek Drive, Suite 200, Houston, Texas 77090-2347. Upon information and belief, JACKSON is the principle owner of BJI and HPC.

5. Defendant HPC is an entity of unknown corporate form whose principal place of business is 17024 Butte Creek Drive, Suite 200, Houston, Texas 77090-2347.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States. The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act. This Court has

subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030.

7. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. The controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Maryland pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

9. Personal jurisdiction over BJI, JACKSON, and HPC is proper in this District because: (a) by agreeing to the Terms of Use for the www.costar.com website, JACKSON, personally on behalf of BJI and HPC has consented to the jurisdiction of this Court; (b) JACKSON, BJI and HPC have committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and have caused actual tortious injury in this District; and (c) JACKSON, BJI and HPC have purposefully directed their unlawful behavior at this District by repeated electronic activity and interaction with CoStar's computer servers in Bethesda, Maryland, when logging into the subscription service at the www.costar.com website for business purposes.

## BACKGROUND

10. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research

methods to develop one of the most comprehensive commercial real estate information databases available. CoStar currently employs the services of approximately 800 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, who canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

11. CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

12. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for *ad hoc* access and use, or (b) by

entering into a written license agreement and subscribing to one or more of CoStar's information services.

13.     Access to CoStar's subscription information services and its associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed sites. Licensed users are limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee.

14.     Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. Authorized users must input a valid user identification and password at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising users on each occasion of their use. "By logging in you are agreeing to CoStar's <u>terms of use</u>." and "Access restricted to licensed users. Sharing of passwords is prohibited." Authorized users must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at periodic intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our <u>Terms of Use</u>." Here too, by clicking on the underlined phrase, the user can view the terms of use.

15.     The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent**

**and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

16. In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription ('Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

17. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

18. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

19. Finally, the Terms of Use provide that the user irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use.

## EVENTS GIVING RISE TO THE LAWSUIT

20. A Texas company, Bolton & Baer Ltd. ("BOLTON") signed a License Agreement with CoStar in September 2007 for access to the CoStar COMPS® and PROPERTY® commercial real estate information databases and related software for the Houston and Dallas / Fort Worth markets.

21. Under Sections 1, 2 and 12 of BOLTON's License Agreement with CoStar, BOLTON agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the BOLTON-specific IDs and passwords assigned by CoStar, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.

22. In violation of these provisions in BOLTON's License Agreement with CoStar, JACKSON obtained user names and passwords attributed to BOLTON and then used such user names and passwords improperly to access and use CoStar's commercial real estate information subscription services for the commercial purposes of BJI and HPC without authorization from CoStar. As a result of its illicit access to BOLTON's license, JACKSON, BJI and HPC did not acquire a valid license from CoStar.

23. By gaining unauthorized access to CoStar's products, JACKSON, BJI and HPC were able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs.

## COUNT I
## BREACH OF CONTRACT BY JACKSON, BJI AND HPC

24. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of the Complaint.

25. By accessing CoStar's Internet website, JACKSON, personally and on behalf of BJI and HPC agreed to be bound by the terms of use agreement of CoStar's website. CoStar's website terms of use agreement is a valid contract.

26. JACKSON, BJI and HPC breached the terms of use agreement by, *inter alia*, accessing and using the CoStar databases without authorization from CoStar.

27. CoStar has been injured by Defendants' breaches as described above. Among other things, Defendants' breach of contract has caused CoStar to lose the license fee revenue associated with granting its licenses to CoStar products. Some of CoStar's injury as a result of Defendants' breaches resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT II
## COPYRIGHT INFRINGEMENT

28. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of the Complaint.

29. CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information. CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

30. CoStar also owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers. CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

31. By virtue of their unauthorized access to CoStar's products, JACKSON, BJI and HPC have been able to engage in infringement of CoStar's copyrights in its database compilations, including by reproducing, distributing and/or displaying original and protectable expression covered by CoStar's compilation copyrights. A set of 5 examples of those databases, including their copyright registration numbers, is attached hereto as Exhibit A.

32. By virtue of their unauthorized access to CoStar's products, JACKSON, BJI and HPC have been able to infringe CoStar's copyrights in its commercial real estate photographs, including by reproducing, distributing and/or displaying such photographs. Upon information and belief, JACKSON, BJI and HPC have infringed CoStar's copyrights in hundreds, if not thousands of photographs.

33. Defendants' infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its database compilations and its photographs.

34. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by Defendants prior to its infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action.

35. As a result of Defendants' infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## COUNT III
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT

36. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of the Complaint.

37. As set forth in Paragraphs 29 through 36, BJI and HPC have each infringed CoStar's copyrights.

38. JACKSON, by virtue of the fact that he personally had possession of CoStar user names and passcodes, had access to CoStar products and CoStar's Internet website. By providing such CoStar user names and passcodes to BJI and HPC, JACKSON materially contributed to BJI's and HPC's infringement of CoStar's copyrights.

39. JACKSON provided such CoStar user names and passcodes with knowledge that BJI and HPC would use such user names and passcodes to access CoStar's Internet website and thus infringe CoStar's copyrights.

40. As a result of JACKSON's conduct in facilitating BJI's and HPC's infringement of CoStar's copyrights, JACKSON is liable for contributory copyright infringement. JACKSON's contributory infringement was willful.

41. By virtue of the fact that JACKSON is a principle of both BJI and HPC and thus has operational control over BJI and HPC, JACKSON had the right and ability to control BJI's and HPC's use of CoStar's products and services and, accordingly, BJI's and HPC's infringing activity.

42. JACKSON has obtained a direct financial benefit from BJI's and HPC's infringement of CoStar's copyrights because of his ownership of BJI and HPC and because the profits of BJI and HPC were increased as a result of BJI's and HPC's infringing activity.

43. As a result, JACKSON is liable for vicarious copyright infringement. JACKSON's vicarious infringement was willful.

44. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by BJI and HPC prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action. JACKSON is responsible for such statutory damages as a joint tortfeasor with BJI and HPC.

45. As a result of JACKSON's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## COUNT IV
## VIOLATION OF § 18 U.S.C. 1030:
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

46. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of the Complaint.

47. The computer system on which CoStar's databases reside is a computer used in interstate commerce or communication, and is thus a protected computer under 18 U.S.C. § 1030.

48. When Defendants accessed the password-protected portions of the CoStar Internet website, Defendants intentionally accessed a protected computer without authorization.

49. Defendants' unauthorized access of a protected computer has caused damage to CoStar that has amounted in an aggregated loss of over $5,000 during a one-year period.

50. Defendants' conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses, damages, and irreparable injury, in amounts not yet

ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants. Accordingly, CoStar is entitled to damages and injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE,** CoStar asks that this Court:

(1) Enter a judgment against Defendants that they have breached their contracts with CoStar;

(2) Grant a preliminary and permanent injunction (a) restraining and enjoining Defendants and any of their principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from (i) making any unauthorized access to or use of any CoStar database service, (ii) interfering with CoStar's current or prospective contracts pertaining to use and access of any CoStar's database, and (iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and (b) ordering Defendants and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with Defendants, to permanently delete and destroy all portions of any CoStar database service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3) Enter judgment against Defendants and in favor of CoStar for disgorgement of any amounts by which they was unjustly enriched;

(4) Enter judgment against Defendants and in favor of CoStar for compensatory damages;

(5) For an award of statutory damages of no less than $150,000 per copyrighted work as a result of Defendants' willful infringement of CoStar's copyrights.

(6) For an award of the costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and other applicable laws.

(6) Enter judgment against Defendants and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7) Grant CoStar such other and further relief as is just.

Dated: December 8, 2008

Respectfully submitted,

____/s/_____
Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

*Attorneys for Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation*

**EXHIBIT A**

| # | Database Identification | Registration Number | Registration Date |
|---|---|---|---|
| 1 | CoStar COMPS Database, Q4 2005 | TX 6-322-120 | 2/23/2006 |
| 2 | CoStar COMPS Database, Q1 2006 | TX 6-343-071 | 5/10/2006 |
| 3 | CoStar COMPS Database, Q2 2006 | TX 6-436-183 | 9/27/2007 |
| 4 | CoStar COMPS Database, Q3 2006 | TX 6-493-617 | 12/5/2006 |
| 5 | CoStar COMPS Database, Q4 2006 | TX 6-570-980 | 5/11/2007 |

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on June 17, 2008:

Eugene W Policastri
Bromberg Rosenthal LLP
401 N Washington St Ste 500
Rockville , MD 20850
13012516200
Fax: 13013099436
Email: ewpolicastri@brsglaw.com

*Attorney for Bill Jackson Inc., d/b/a Bill Jackson & Associates*

Dated: December 8, 2008

Respectfully submitted,

_____/s/_____
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

*Attorneys for Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation*