UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,

      CIVIL ACTION NO. RWT 08-CV-2767

    Plaintiffs,

v.

BILL JACKSON & ASSOCIATES APPRAISERS,
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

    Defendants.

## DEFENDANT JACKSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT AND MOTION FOR ENTRY OF AN ORDER GRANTING ITS UNOPPOSED MOTIONS TO DISMISS OR, ALTERNATIVELY, ITS MOTION TO TRANSFER VENUE

Defendant Bill Jackson & Associates, Inc. by and through undersigned counsel respectfully submits this memorandum in support of its motion to strike the plaintiffs' amended complaint and for immediate entry of an order granting its unopposed motions to dismiss or alternatively to transfer venue.

1

# I.
# FACTS

1. Plaintiffs filed their Original Petition on October 20, 2008 and served Defendant Jackson on October 31, 2008. *See Civil Docket for Case No. 8:08-cv-02767-RWT, docket nos. 1, 9, attached hereto and incorporated herein as "Exhibit A."*

2. Jackson timely filed its Motion to Dismiss for Lack of Personal Jurisdiction and, in the alternative, Motion to Dismiss for Improper Venue and Motion to Transfer Venue (collectively, "Motion to Dismiss"), and Original Answer subject thereto on November 20, 2008. *Exhibit A, docket nos. 5-7.*

3. Plaintiffs' Response to Jackson's Motion to Dismiss was due on December 8, 2008. *See Deadlines/Hearings for Case No. 8:08-cv-02767-RWT, attached hereto and incorporated herein as "Exhibit B."*

4. Plaintiffs did not file a response to Jackson's Motion to Dismiss on or before December 8, 2008. *Exhibit A; Exhibit B.*

5. Plaintiffs did, however, file an Amended Complaint on December 8, 2008. *Exhibit A, docket no. 10.* Plaintiffs' Amended Complaint neither addresses nor attempts to correct the jurisdictional or venue defects identified in Jackson's Motion to Dismiss. *Cf. Plaintiffs' Original Complaint with Plaintiffs' Amended Complaint, docket nos. 1 and 10, respectively.*

# II.
# JACKSON'S MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT

6. Plaintiffs' Amended Complaint should be stricken because it was filed without Jackson's consent and without leave of Court. A party may amend its pleading once as a matter of course **before** being served with a responsive pleading. FED. R.

CIV. P. 15(a)(1)(A). Once a responsive pleading is served, however, a party may amend its pleadings **only** with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2) (emphasis added). A "responsive pleading" means a pleading as defined in Rule 7(a) of the Federal Rules of Civil Procedure. *Duda v. Board of Education*, 133 F.3d 1054, 1056 & n.2 (7th Cir. 1998); *McGuire v. Turnbo*, 137 F.3d 321, 325 n.4 (5th Cir. 1998); *U.S. v. Lehman Bros.*, 123 F.3d 1307, 1308 (9th Cir. 1997). **An amended pleading filed without leave of court or consent of the adverse party is a nullity.** *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985).

7. Jackson's Motion to Dismiss and its Original Answer subject thereto were filed on November 20, 2008. Jackson's Original Answer subject to its Motion to Dismiss is a responsive pleading under Rule 7(a)(2). FED. R. CIV. P. 7.

8. Plaintiffs filed their Amended Complaint on December 8, 2008, after Jackson filed its responsive pleading on November 20, 2008. *Exhibit A, docket no. 10.* Plaintiffs did not seek or obtain Jackson's written consent to file an amended complaint, nor did Plaintiffs seek or obtain leave of court to file an amended complaint prior to filing their Amended Complaint as required by FED. R. CIV. P. 15.

9. Because Plaintiffs did not obtain Jackson's written consent to file their Amended Complaint after Jackson filed its responsive pleading and did not request leave of court to file their Amended Complaint after Jackson filed a responsive pleading, Plaintiffs' Amended Complaint is a nullity. Therefore, this Court should strike Plaintiffs' Amended Complaint.

**III.**

## JACKSON'S MOTION FOR ENTRY OF ORDER GRANTING ITS UNOPPOSED MOTION TO DISMISS

10. Jackson moves for entry of an order on its <u>unopposed</u> Motion to Dismiss. Jackson filed its Motion to Dismiss on November 20, 2008. *Exhibit A, docket nos. 5-7*. Plaintiffs' Response was due on December 8, 2008. *Exhibit B.* As of December 10, 2008, which was after the due date of Plaintiffs' response, Plaintiffs had not responded to Jackson's Motion to Dismiss. Therefore, Jackson's Motion to Dismiss is unopposed and this Court should dismiss this case, either for a lack of personal jurisdiction or improper venue.

### A. JACKSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED

11. This Court should also dismiss this case for lack of personal jurisdiction because Plaintiffs failed to meet their burden to establish personal jurisdiction. Once a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Mylan Lab. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).

12. Since Plaintiffs did not file a response to Jackson's Motion to Dismiss, Plaintiffs failed to meet their burden of establishing this Court's personal jurisdiction over Jackson and this case should be dismissed for lack of personal jurisdiction.

### B. IN THE ALTERNATIVE, JACKSON'S MOTION DISMISS FOR IMPROPER VENUE SHOULD BE GRANTED

13. In the alternative and without waiving the foregoing independent basis for dismissal, Jackson moves for entry of an order on its <u>unopposed</u> Motion to Dismiss for Improper Venue. Once venue is challenged, the Plaintiff has the burden to prove the

688755.6/SPH/19870/0101/121108

selected venue is proper. *Bartholomew v. Virginia Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979).

14. Since Plaintiffs did not file a response to Jackson's Motion to Dismiss, Plaintiffs failed to meet their burden to show that venue is proper in this Court. Accordingly, this case should be dismissed for improper venue.

    **C.    IN THE ALTERNATIVE, JACKSON'S MOTION TO TRANSFER FOR IMPROPER VENUE SHOULD BE GRANTED**

15. In the alternative and without waiving the foregoing independent bases for dismissal, Jackson's Motion to Transfer should also be granted for the reasons stated in Jackson's Memorandum of Points and Authorities. Since Plaintiffs did not file a response to Jackson's Motion to Transfer for Improper Venue, they failed to rebut Jackson's allegations and proof that venue is proper in the Southern District of Texas, where this case should be transferred.

## IV.
## PRAYER FOR RELIEF

For these reasons, Jackson respectfully requests that this Court strike Plaintiffs' Amended Complaint and enter an order dismissing Plaintiffs' suit or transferring it to the United States District Court for the Southern District of Texas as requested in Jackson's original motion to dismiss or to transfer venue.

688755.6/SPH/19870/0101/121108

Respectfully submitted,
**Bromberg Rosenthal LLP**

By: /s/ Eugene W. Policastri
Eugene W. Policastri (14917)
401 N. Washington St., Suite 500
Rockville, MD 20850
301-251-6200
301-309-9436 – Facsimile
ewpolicastri@brsglaw.com
Attorneys for Defendant,
Bill Jackson and Associates

**OF COUNSEL:**
**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of December, 2008, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

/s/ Eugene W. Policastri
**Eugene W. Policastri**

6