# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,            CIVIL ACTION NO. RWT 08-CV-2767

      Plaintiffs,

v.

BILL JACKSON & ASSOCIATES
APPRAISERS,
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

      Defendants.

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT SUBJECT TO ITS JURISDICTIONAL AND VENUE PLEAS, MOTION TO STRIKE AND MOTION FOR ENTRY OF ORDER ON ITS JURISDICTIONAL AND VENUE PLEAS

Defendant B. F. Jackson Inc. d/b/a Bill Jackson & Associates Appraisers ("Defendant") by and through the undersigned counsel and subject to its Jurisdictional and Venue Pleas, Motion to Strike Plaintiffs' Amended Complaint and Motion for Entry of Order on its Jurisdictional and Venue Pleas, files this its Amended Answer to Plaintiffs' Amended Complaint.  In support thereof, Defendant would respectfully show as follows:

## I.
## PLEAS TO JURISDICTION AND VENUE

This Amended Answer is subject to the following objections under Rule 12 of the Federal Rules of Civil Procedure and are addressed in Defendant's separately filed

1

Motion to Dismiss and, in the alternative, Motion to Transfer and the supporting Memorandum of Points and Authorities filed with this Court on November 20, 2008.[1]

1. Rule 12(b)(2), lack of personal jurisdiction;

2. Rule 12(b)(3), improper venue;

3. Rule 12(b)(7), failure to join a proper party defendant; and

4. Rule 12(b)(6), failure to state a claim upon which relief can be granted.

## II.
## MOTION TO STRIKE AND MOTION FOR ENTRY OF ORDER

Without waiving the foregoing, this Amended Answer is also subject to Defendant's Motion to Strike Plaintiffs' Amended Complaint and Motion for Entry of Order on its Unopposed Jurisdictional and Venue Pleas that were previously filed with this Court on December 10, 2008.

## III.
## DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

AND NOW without waiving the foregoing jurisdictional and venue pleas and motions, Defendant responds to the particular allegations contained in the consecutively numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. Defendant does not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

2. Defendant does not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

3. Denied except to admit that defendant is a corporate entity known as B.F. Jackson, Inc. d/b/a Bill Jackson & Associates Appraisers.

---

[1] Defendant notes that the jurisdictional and venue allegations contained in Plaintiffs' Amended Complaint are identical to the jurisdictional and venue allegations contained in Plaintiffs' Original Complaint; therefore, no modification of Defendant's motions was necessary.

4. Defendant does not have sufficient information to either admit or deny said allegations.

5. Defendant does not have sufficient information to either admit or deny said allegations.

6. Save as to copyright claims, there is no federal question in this case. Defendant admits that jurisdiction for copyright claims is exclusive to Federal Court. All other allegations are denied.

7. Defendant denies that Plaintiffs' damages allegations herein support a claim totaling in excess of $75,000.

8. Denied.

9. Denied.

10. Defendant does not have sufficient information to admit or deny said allegations.

11. Defendant does not have sufficient information to admit or deny said allegations.

12. Defendant does not have sufficient information to admit or deny said allegations.

13. Defendant does not have sufficient information to admit or deny said allegations.

14. Defendant does not have sufficient information to admit or deny said allegations.

15. Defendant does not have sufficient information to admit or deny said allegations.

690601.1/SPH/19870/0101/121708

16. Defendant does not have sufficient information to admit or deny said allegations.

17. Defendant does not have sufficient information to admit or deny said allegations.

18. Defendant does not have sufficient information to admit or deny said allegations.

19. Denied.

20. Defendant does not have sufficient information to admit or deny said allegations.

21. Defendant does not have sufficient information to admit or deny said allegations.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

690601.1/SPH/19870/0101/121708

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## IV.
## PRAYER FOR RELIEF

Defendant states that with respect to Plaintiffs' Prayer for Relief, (1) Defendant denies that Plaintiffs are entitled to any damages, as there was no contract nor breach of contract; (2) no preliminary or permanent injunction nor equitable relief is available to Plaintiffs herein because of the absence of clean hands on behalf of Plaintiffs and Plaintiffs manifestly inequitable and improper conduct in this matter; (3) Defendant was

not unjustly enriched to any extent by Plaintiffs or their allegedly copyrighted materials; (4) Plaintiffs are not entitled to any compensation or damages from Defendant; (5) Plaintiffs are not entitled to any alleged "per copyrighted work" damages, because Defendant did not infringe on Plaintiffs' alleged copyrights, either innocently or willfully; (6) Plaintiffs are not entitled to any damages under 17 U.S.C. § 505, nor are they entitled to recover any pre-judgment interest or attorneys fees; and finally (7) Plaintiffs are not entitled to secure any further relief whatsoever.

## V.
## ADDITIONAL DEFENSES

Subject to the foregoing objections, pleas, and defenses, Defendant interposes the following defenses and response to the contentions and allegations contained in Plaintiffs' Amended Complaint:

**1. First Defense**

Although Defendant denies that Plaintiffs own valid copyrights, even if Plaintiffs own valid copyrights, Plaintiffs are not entitled to statutory damages and attorneys' fees because the registration, if any, of Plaintiffs' copyrights was not done in a timely manner. Because the registration of Plaintiffs' copyrights was untimely, Plaintiffs are not entitled to statutory damages and/or attorneys' fees.

**2. Second Defense**

In the alternative, and without waiving the foregoing, even assuming Plaintiffs own valid copyrights, Defendant's alleged use of Plaintiffs' copyrighted materials was not an infringing use and, in the alternative, constituted fair use under 17 U.S.C. § 107.

**3. Third Defense**

In the alternative, and without waiving the foregoing, Defendant is a small, independent business solely engaged in residential real estate appraisals in the greater Houston, Texas area. It is incorporated as B.F. Jackson Inc. d/b/a Bill Jackson Associates Appraisers and therefore there should be no personal liability assessed against Bill Jackson, individually.

Defendant had no dealings whatsoever with Plaintiffs: Plaintiffs' Amended Complaint admits their allegedly copyrighted products, data, and software deal only with commercial real estate. In the alternative, and without waiving the foregoing, Defendant alleges that to the extent that any party accessed Plaintiffs' products or services, such party did so with complete authority—both actual and apparent—conferred by Bolton & Baer ("Baer"), which had been duly authorized by Plaintiffs, both actually and apparently, to grant the right for others to access Plaintiffs' database and websites.

4.  **Fourth Defense**

In the alternative, and without waiving the foregoing, by virtue of Plaintiffs' conduct and business relationship with Baer, a Dallas-based customer and licensee, it vested Baer with actual and apparent authority to grant the right to authorize others to access Plaintiffs' websites and databases. Hence, when Houston Property Consultants accessed Plaintiffs' database and software systems, it was fully authorized to do so. Defendant never accessed said websites and databases, as it had no use for Plaintiffs' products or services.

5.  **Fifth Defense**

In the alternative, and without waiving the foregoing, Defendant had no contract or agreement whatsoever with Plaintiffs or any third party as to Plaintiffs' allegedly

7

copyrighted products, therefore Defendant has not breached any express or implied contract with Plaintiffs. Further, there was never any meeting of the minds between Plaintiffs and Defendant or any third-party involved with Baer as to the essential terms that would cause a contract to be formed, including but not limited to price, scope of services, or other essential terms of any contract.

**6.     Sixth Defense**

In the alternative, and without waiving the foregoing, Defendant would show that Plaintiffs' business conduct and practices on which its alleged claims are based are so loosely and clumsily constructed as to constitute negligence and contributory fault with respect to the claims made in its Amended Complaint, which was the proximate and sole cause of any alleged damage claimed by Plaintiffs. Defendant would show that Plaintiffs' conduct constituted negligence and gross negligence, such as to be a legal bar to any recovery to the matters alleged in their Amended Complaint.

**7.     Seventh Defense**

In the alternative, and without waiving the foregoing, Plaintiffs' conduct throughout the period set forth in their Amended Complaint and thereafter, up to the date suit was filed, was so improper and wrongful as to constitute a complete and utter lack of clean hands, and has been so inequitable and over-reaching that Plaintiffs are barred from securing any equitable or legal recovery whatsoever in this case. .

**8.     Eighth Defense**

In the alternative, and without waiving the foregoing, Plaintiffs' conduct at all times relevant to their claims as to Defendant has created a bar that should preclude the granting of any relief or the recovery of any damages in excess of $400 a month, during which an authorized third-party had authorized access to Plaintiffs' websites and database.

Defendant would show that Plaintiffs have not sustained any damage in the amount of $5,000 or more as they allege, but in fact Plaintiffs have repeatedly admitted and agreed that the use of the products and services to a user in defendant's position would not exceed the amount of $400 per month.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **BILL JACKSON & ASSOCIATES APPRAISERS** prays that Plaintiffs take nothing by reason of their Amended Complaint herein, that the claims asserted herein against this Defendant be dismissed, with prejudice, that this Defendant be discharged and released; that it Defendant recover its costs; and for such other and further relief, both general and special, at law and in equity, to which this Defendant may show itself justly entitled to receive.

Respectfully submitted,
**Bromberg Rosenthal LLP**


By: /s/ Eugene W. Policastri
Eugene W. Policastri (14917)
401 N. Washington St., Suite 500
Rockville, MD 20850
301-251-6200
301-309-9436 – Facsimile
ewpolicastri@brsglaw.com
Attorneys for Defendant,
Bill Jackson and Associates

**OF COUNSEL:**
**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 18th day of December, 2008, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

                      /s/ Eugene W. Policastri
                      **Eugene W. Policastri**