**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 8:08-cv-2767-RWT |
| BILL JACKSON INC., d/b/a BILL JACKSON & ASSOCIATES, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO STRIKE AMENDED COMPLAINT**

Plaintiffs CoStar Realty Information, Inc., a Delaware Corporation, and CoStar Group, Inc., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), hereby oppose Defendant Bill Jackson, Inc.'s ("Jackson") Motion to Strike Plaintiffs' Amended Complaint (D.E. 12).[1] For the reasons set forth below, Jackson's motion should be denied in its entirety.

**INTRODUCTION**

Jackson's Motion to Strike starts out as ill-conceived and then demonstrates itself to be ill-researched. It should be denied. CoStar may amend its Complaint by right pursuant to Fed. R. Civ. P. 15(a) prior to the filing of a responsive pleading, and it is well settled law that Jackson's Motion to Dismiss is not a responsive pleading for the purpose of Fed. R. Civ. P. 15(a). *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir. 1993); *Smith v. Blackledge*, 451 F.2d

---

[1] Docket entries are referred to herein as "D.E."

1201, 1203 n.2 (4th Cir. 1971); *Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 602 (D. Md. 2008) (Titus, J.). Not surprisingly, Jackson does not cite a single case to the contrary.

Jackson's Motion to Strike relies on a circular and self-defeating argument. Jackson argues that it *has filed* a responsive pleading in this case – the Answer it filed that is contingent on the denial of its Motion to Dismiss. Because it filed this *contingent* Answer, Jackson argues, CoStar could not file its Amended Complaint without leave. In other words, the Court should strike CoStar's Amended Complaint and thereby *grant* Jackson's Motion to Dismiss on default because Jackson has filed an Answer that only is applicable if the Court *denies* its Motion to Dismiss. Not surprisingly, Jackson has not cited any legal precedent for its odd and self-contradictory theory.

Beyond falling apart upon its own contradiction, Jackson's theory runs afoul of the plain language of Rule 12(b), which states that "a motion asserting any of [the Rule 12(b) defenses] *must be made before pleading if a responsive pleading is allowed*." (emphasis supplied). Accordingly, if, as Jackson contends, its Answer has been filed with the Court, its grounds for moving to dismiss the Complaint – for lack of personal jurisdiction and for improper venue – have been waived. *See, e.g.*, *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990) (fact that defendant answered complaint waived right to move under Rule 12(b) to dismiss for insufficient service); *Lewis v. Schafer*, 571 F. Supp. 2d 54, 57 (D.D.C. 2008) ("Because the Defendant had previously filed an answer, he is precluded from now filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."); *Renfro v. Spartan Computer Servs.*, 2008 U.S. Dist. LEXIS 29715 (D. Kan. April 9, 2008) (holding that motion to dismiss for lack of personal jurisdiction was waived where defendant previously filed answer).

## RELEVANT FACTUAL BACKGROUND

CoStar filed its Complaint against Bill Jackson, Inc. d/b/a Bill Jackson & Associates on October 20, 2008, and served that complaint on October 31, 2008. *See* D.E. 1, 9. CoStar's Complaint alleged that Jackson, in breach of its agreement to abide by the Terms of Use of CoStar's Website, gained unauthorized access to CoStar's web-based products in violation of 18 U.S.C. § 1030, and, as a result of that access, made unauthorized copies and displays of CoStar's commercial real estate photographs, thereby infringing CoStar's registered copyrights. *See* Complaint at ¶¶ 19-39.

On November 20, 2008, the date on which it was required to respond to CoStar's Complaint, Jackson made two filings. It filed a "Motion to Dismiss for Lack of Personal Jurisdiction and, in the alternative, Motion to Dismiss for Improper Venue and Motion to Transfer Venue" ("Motion to Dismiss"). It also filed an Answer "subject to" its Motion to Dismiss. D.E. 7 at 1. Among other things, this contingent Answer raised a number of narrative-style defenses, including the allegation that Houston Property Consultants – an entity heretofore unknown to CoStar and that is *based out of the same offices* as Jackson and evidently also owned and operated by Bill Jackson – had gained access to CoStar. *See* D.E. 7 at 5-6.

Based on the foregoing revelation by Defendant that Bill Jackson intended to play a game of corporate "Three Card Monte" with respect to its liability for violating CoStar's rights, and in reliance on the fact that Jackson's Answer was contingent on its Motion to Dismiss, on December 8, 2008, CoStar filed an Amended Complaint specifically naming the alleged "Houston Property Consultants" entity and Bill Jackson personally. D.E. 10 at 1. CoStar subsequently served that Amended Complaint on each of the three defendants: Bill Jackson, Bill Jackson, Inc. and Houston Property Consultants.

On December 12, 2008, Jackson filed the present "Motion to Strike Plaintiffs' Amended Complaint and Motion for Entry of an Order Granting Its Unopposed Motions to Dismiss or, Alternatively, its Motion to Transfer Venue." D.E. 12.

Just six days later, on December 18, 2008, Jackson – but not Bill Jackson personally or Houston Property Consultants – filed an "Answer to Plaintiffs' Amended Complaint Subject to its Jurisdictional and Venue Pleas, Motion to Strike and Motion for Entry of Order on its Jurisdictional and Venue Pleas." D.E. 14.

Neither Bill Jackson personally nor Houston Property Consultants (which have both been served with the Amended Complaint) has responded to the Amended Complaint.

## ARGUMENT

**COSTAR WAS ENTITLED TO FILE ITS AMENDED COMPLAINT AS OF RIGHT BECAUSE JACKSON'S MOTION TO DISMISS WAS NOT A RESPONSIVE PLEADING UNDER FED. R. CIV. P. 15(a) AND JACKSON'S CONTINGENT ANSWER CANNOT AS A MATTER OF LAW OPERATE TO NEGATE COSTAR'S AMENDMENT**

It is a matter of hornbook law that Defendant Jackson's Motion to Dismiss is not a responsive pleading for the purpose of Fed. R. Civ. 15(a) and therefore CoStar was entitled to amend its Complaint as a matter of right pursuant to that Rule. The filing of a contingent Answer on Jackson's part – an Answer that by its own terms is a nullity until Jackson's Motion to Dismiss is denied – cannot change that fact.

Federal Rule of Civil Procedure 15(a)(1) states that "A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ." As the Fourth Circuit and this Court have held, however, a Rule 12(b) Motion to Dismiss is not a responsive pleading for the purposes of Rule 15(a)(1). *Domino Sugar*, 10 F.3d at 1068 n. 1; *Smith*, 451 F.2d at 1203 n. 2; *Ramotnik*, 568 F.

Supp. 2d at 602. Accordingly, Jackson's filing of a Motion to Dismiss did not require CoStar to seek leave of the Court to file its Amended Complaint.

To support its argument, Jackson relies on the Answer it filed "subject to" its Motion to Dismiss. In this regard, Jackson engages in an attempt to have its cake and eat it too. It contends that *both* its Motion to Dismiss *and* its "contingent" Answer are properly before the Court, despite the fact that they are mutually exclusive. *See* D.E. 13 at ¶¶ 7-8. Because its Motion to Dismiss cannot serve as a "responsive pleading" under Rule 15, Jackson relies on its contingent Answer to contend that CoStar's Amended Complaint is a nullity. *See id.* at ¶ 9. And, based on the assertion that CoStar's Amended Complaint is a nullity, Jackson bootstraps its argument by contending that CoStar has failed to respond to its Motion to Dismiss and therefore that Motion to Dismiss should be granted. *See id.* at ¶ 10, 12. Extraordinarily, Jackson's argument is thus that the Court should *grant* its Motion to Dismiss because it filed an Answer that would only be applicable if that Motion to Dismiss were *denied.*

However, Jackson's Motion to Dismiss and its Answer cannot both be actively filed and recognized by the Court. Jackson's Answer acknowledges that it is unnecessary to the extent that the Court grants its Motion to Dismiss. D.E 7 at 1 ("This Answer is *subject to* the following objections under Rule 12 of the Federal Rules of Civil Procedure *subject to separately filed motions on each of the following*:") (emphasis supplied). By operation of Fed. R. Civ. P. 12(a)(4), Jackson's Motion to Dismiss automatically altered the time for responding to CoStar's Complaint. *See Douglas v. Exec. Bd. of the Dry Creek Rancheria Band of Pomo Indians*, 2008 U.S. Dist. LEXIS 91904, *3-*4 (D. Idaho Oct. 3, 2008).

Jackson's acknowledgement that its Answer is contingent on its Motion to Dismiss is required by the Federal Rules. As Rule 12(b) specifically states: "[a] motion asserting any of the [Rule 12(b)]

5

defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). That language has been specifically been enforced by federal courts to prohibit the filing of a Rule 12(b) motion when an answer has been filed. *See, e.g.*, *Santos*, 902 F. 2d at 1095; *Thompson v. Rings,* 2008 U.S. Dist. LEXIS 94329, *1-*2 (S.D. Ohio Nov. 18, 2008) (rejecting motion as a Rule 12(b) motion because it was not made before a pleading); *Servicio Marina Superior, LLC v. Matrix Int'l Ltd.*, 2008 U.S. Dist. LEXIS 81980, *5-*6 (S.D. Ala. Oct. 14, 2008) (rejecting motion to dismiss for improper venue because it had not been made before a responsive pleading was filed, pursuant to Rule 12(b)); *Lewis*, 571 F. Supp. 2d at 57 (stating that "Because the Defendant had previously filed an answer, he is precluded from now filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."); *Gardner v. Hartford Life & Accident Ins. Co.*, 2008 U.S. Dist. LEXIS 69416, *10-*11 (W.D. Mo. September 15, 2008) ("because Hartford has already filed its responsive pleading by way of its Answer, Hartford may not use Rule 12(b)(6) as a basis for its motion to strike"); *Renfro*, 2008 U.S. Dist. LEXIS 29715 (D. Kan. April 9, 2008) (holding that under Rule 12(b) a motion asserting lack of personal jurisdiction must be made before pleading if a responsive pleading is allowed).[2] Accordingly, if Jackson's Answer was deemed filed by the Court, it would, as a matter of law, negate the very Motion to Dismiss it seeks to have granted.

Although CoStar could argue that Jackson has waived its right to move again under Rule 12(b), based on Jackson's submission of an Answer to its Amended Complaint (D.E. 14), CoStar submits that the proper course of conduct would be for Jackson and any of the other two defendants added by the

---

[2] CoStar does not assert that filing a responsive pleading waives the *defense* of lack of personal jurisdiction or the other Rule 12(b) grounds; instead; the filing of a responsive pleading removes the right to make a Rule 12(b) *motion* on those grounds. Jackson may make a summary judgment motion or a trial motion, subject, of course, to discovery and Rule 11, for judgment on those defenses.

Amended Complaint to re-file a Motion to Dismiss based on the allegations of the Amended Complaint – if the Defendants feel that that Motion is consistent with their obligations under Fed. R. Civ. P. 11. Based on Jackson's assertion in its *second* contingent Answer that no new jurisdictional arguments need to be made (D.E. 14 at 2 n.1), that re-filing should be a mere ministerial task. CoStar would then respond as appropriate to Jackson's (as well as any other defendant's) motion.

In any case, Jackson's suggested remedy – the dismissal of CoStar's case – would be a harsh and unnecessary triumph of form over substance. As stated above, CoStar's lack of response to Jackson's Motion to Dismiss was based on its reliance on the precedent establishing that a Rule 12(b) motion is *not* a responsive pleading and therefore that it could amend its Complaint by right under Rule 15(a) to face an amended Motion to Dismiss. In a case involving the question of whether dismissal was appropriate given the Plaintiff's failure to respond to a Motion to Dismiss, Judge Chasanow refused to enter the sanction of dismissal. *See Pradhan v. Al-Sabah*, 299 F. Supp. 2d 493, 500 (D. Md. 2004). Instead, Judge Chasanow recognized that "dismissal is a harsh remedy that should not be imposed lightly," and that provided that all parties and the Court have sufficient time to respond to the pending motions, the Court should simply address the merits of the issues presented. If the Court agrees with Jackson concerning the formalities required by Jackson's double Motion to Dismiss/Contingent Answer filing, CoStar requests the opportunity to address the *merits* of Jackson's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Jackson's Motion to Strike should be denied in its entirety.

Dated: December 29, 2008    Respectfully submitted,


_____/s/_____
Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

Attorneys for Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record for the following parties by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on December 29, 2008:

>Eugene W. Policastri
>Bromberg Rosenthal LLP
>401 N Washington St Ste 500
>Rockville, MD 20850
>13012516200
>Fax: 13013099436
>Email: ewpolicastri@brsglaw.com
>
>*Attorney for Bill Jackson Inc., d/b/a*
>*Bill Jackson & Associates*

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorney for the following parties by overnight Federal Express on December 29, 2008:

>Jamie L. Webster
>Strasburger & Price, LLP
>1401 McKinney Street, Suite 2200
>Houston, TX 77010.4035
>
>*Attorney for Defendants Bill Jackson*
>*And Houston Property Consultants*

Dated:  December 29, 2008               Respectfully submitted,

                    \_\_\_\_/s/_____
                    William J. Sauers, Bar No. 17355
                    Crowell & Moring LLP
                    1001 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20004

Telephone (202) 624-2500
Facsimile (202) 628-5116

*Attorneys for Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation*