UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,                     CIVIL ACTION NO. RWT 08-CV-2767

      Plaintiffs,

v.

BILL JACKSON & ASSOCIATES
APPRAISERS,
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

      Defendants.

## DEFENDANTS BILL JACKSON, INDIVIDUALLY, AND HOUSTON PROPERTY CONSULTANTS PLEAS TO JURISDICTION AND VENUE AND, SUBJECT THERETO, ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants **Bill Jackson**, individually ("Jackson") and **Houston Property Consultants** ("HPC") (collectively referred to herein as "Defendants") by and through undersigned counsel, files these their Jurisdictional and Venue Pleas and, subject thereto, their Answer to Plaintiffs' Amended Complaint herein.  In support thereof, Defendants would respectfully show as follows:

### I.
### PLEAS TO JURISDICTION AND VENUE

This Answer is subject to the following objections under Rule 12 of the Federal Rules of Civil Procedure and are addressed in Defendants' separately filed Motion to

1

Dismiss and, in the alternative, Motion to Transfer and the supporting Memorandum of Points and Authorities filed with this Court.

1. Rule 12(b)(2), lack of personal jurisdiction;

2. Rule 12(b)(3), improper venue;

3. Rule 12(b)(6), failure to state a claim upon which relief can be granted.

## II.
## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

AND NOW without waiving the foregoing jurisdictional and venue pleas and motions, Defendants respond to the particular allegations contained in the consecutively numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. Defendants do not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

2. Defendants do not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

3. Defendants do not have sufficient information to either admit or deny said allegations.

4. Deny.

5. Deny.

6. Denied except to admit that jurisdiction for copyright claims is exclusive to Federal Court.

7. Defendants deny that Plaintiffs' damages allegations herein support a claim totaling in excess of $75,000.

8. Denied.

9. Denied.

10. Defendants do not have sufficient information to admit or deny said allegations.

11. Defendants do not have sufficient information to admit or deny said allegations.

12. Defendants do not have sufficient information to admit or deny said allegations.

13. Defendants do not have sufficient information to admit or deny said allegations.

14. Defendants do not have sufficient information to admit or deny said allegations.

15. Defendants do not have sufficient information to admit or deny said allegations.

16. Defendants do not have sufficient information to admit or deny said allegations.

17. Defendants do not have sufficient information to admit or deny said allegations.

18. Defendants do not have sufficient information to admit or deny said allegations.

19. Denied.

20. Defendants do not have sufficient information to admit or deny said allegations.

21. Defendants do not have sufficient information to admit or deny said allegations.

693495.3/SPH/19870/0101/010709

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## III.
## PRAYER FOR RELIEF

Defendants state that with respect to Plaintiffs' Prayer for Relief, (1) Defendants deny that Plaintiffs are entitled to any damages, as there was no contract nor breach of contract; (2) no preliminary or permanent injunction nor equitable relief is available to Plaintiffs herein because of the absence of clean hands on behalf of Plaintiffs and Plaintiffs manifestly inequitable and improper conduct in this matter; (3) Defendants were not unjustly enriched to any extent by Plaintiffs or their allegedly copyrighted materials; (4) Plaintiffs are not entitled to any compensation or damages from Defendants; (5) Plaintiffs are not entitled to any alleged "per copyrighted work" damages, because Defendants did not infringe on Plaintiffs' alleged copyrights, either innocently or willfully; (6) Plaintiffs are not entitled to any damages under 17 U.S.C. § 505, nor are they entitled to recover any pre-judgment interest or attorneys fees; and finally (7) Plaintiffs are not entitled to secure any further relief whatsoever.

## IV.
## ADDITIONAL DEFENSES

Subject to the foregoing objections, pleas, and defenses, Defendants interpose the following defenses and response to the contentions and allegations contained in Plaintiffs' Amended Complaint:

5

### 1. First Defense

Although Defendants deny that Plaintiffs own valid copyrights, even if Plaintiffs own valid copyrights, Plaintiffs are not entitled to statutory damages and attorneys' fees because the registration, if any, of Plaintiffs' copyrights was not done in a timely manner. Because the registration of Plaintiffs' copyrights was untimely, Plaintiffs are not entitled to statutory damages and/or attorneys' fees.

### 2. Second Defense

In the alternative, and without waiving the foregoing, even assuming Plaintiffs own valid copyrights, Defendants alleged use of Plaintiffs' copyrighted materials was not an infringing use and, in the alternative, constituted fair use under 17 U.S.C. § 107.

### 3. Third Defense

In the alternative, and without waiving the foregoing, HPC is a small, independent business solely engaged in commercial real estate appraisals in the greater Houston, Texas area. It is incorporated as Houston Property Consultants and therefore there should be no personal liability assessed against Bill Jackson, individually.

### 4. Fourth Defense

In the alternative, and without waiving the foregoing, Defendants allege that to the extent that any party accessed Plaintiffs' products or services, such party did so with complete authority—both actual and apparent—conferred by Bolton & Baer ("Baer"), which Plaintiffs duly authorized, both actually and apparently, to grant the right for others to access Plaintiffs' database and websites.

### 5. Fifth Defense

In the alternative, and without waiving the foregoing, Defendants had no contract or agreement whatsoever with Plaintiffs or any third party as to Plaintiffs' allegedly copyrighted products, therefore Defendants have not breached any express or implied contract with Plaintiffs.  Further, there was never any meeting of the minds between Plaintiffs and Defendants or any third-party involved with Baer as to the essential terms that would cause a contract to be formed, including but not limited to price, scope of services, or other essential terms of any contract.

6. **Sixth Defense**

In the alternative, and without waiving the foregoing, Defendants would show that Plaintiffs' business conduct and practices on which its alleged claims are based are so loosely and clumsily constructed as to constitute negligence and contributory fault with respect to the claims made in its Amended Complaint, which was the proximate and sole cause of any alleged damage claimed by Plaintiffs.  Defendants would show that Plaintiffs' conduct constituted negligence and gross negligence, such as to be a legal bar to any recovery to the matters alleged in their Amended Complaint.

7. **Seventh Defense**

In the alternative, and without waiving the foregoing, Plaintiffs' conduct throughout the period set forth in their Amended Complaint and thereafter, up to the date suit was filed, was so improper and wrongful as to constitute a complete and utter lack of clean hands, and has been so inequitable and over-reaching that Plaintiffs are barred from securing any equitable or legal recovery whatsoever in this case.

8. **Eighth Defense**

In the alternative, and without waiving the foregoing, Plaintiffs' conduct at all times relevant to their claims as to Defendants has created a bar that should preclude the granting of any relief or the recovery of any damages in excess of $400 a month.

Defendants would show that Plaintiffs have not sustained any damage in the amount of $5,000 or more as they allege, but in fact Plaintiffs have repeatedly admitted and agreed that the use of the products and services to a user in Defendants' position would not exceed the amount of $400 per month.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Bill Jackson, individually and Houston Property Consultants pray that Plaintiffs take nothing by reason of their Amended Complaint herein, that the claims asserted herein against these Defendants be dismissed, with prejudice, that these Defendants be discharged and released; that Defendants recover their costs; and for such other and further relief, both general and special, at law and in equity, to which these Defendants may show themselves justly entitled to receive.

693495.3/SPH/19870/0101/010709

Respectfully submitted,
**Bromberg Rosenthal LLP**


By: /s/ Eugene W. Policastri
Eugene W. Policastri (14917)
401 N. Washington St., Suite 500
Rockville, MD 20850
301-251-6200
301-309-9436 – Facsimile
ewpolicastri@brsglaw.com
Attorneys for Defendant,
Bill Jackson and Associates

**OF COUNSEL:**
**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 7th day of January, 2009, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

/s/ Eugene W. Policastri
**Eugene W. Policastri**

9