# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

COSTAR GROUP, INC.,
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,                CIVIL ACTION NO. RWT 08-CV-2767

       Plaintiffs,

v.

BILL JACKSON & ASSOCIATES
APPRAISERS, *et. al.*
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

       Defendants.

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, ALTERNATIVELY, MOTIONS TO DISMISS FOR IMPROPER VENUE AND MOTIONS TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Defendants **Bill Jackson**, individually ("Jackson"), **B. F. Jackson Inc. d/b/a Bill Jackson & Associates Appraisers** ("BJA") and **Houston Property Consultants** ("HPC") (collectively referred to herein as "Defendants") by and through the undersigned counsel, submit this Reply to Co-Star's Response to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and, alternatively, their Motions to Dismiss for Improper Venue and Motions to Transfer Venue pursuant to 28 U.S.C. §§ 1404(a) and 1406.  In support, Defendants would respectfully show the Court as follows:

# I.
## OBJECTION AND MOTION TO STRIKE PARAGRAPH 5 OF THE DECLARATION OF STEVEN J. WILLIAMS

Defendants object and move to strike paragraph five of the declaration of Steven J. Williams because it is conclusory, speculative and inadmissible.  Since Plaintiffs are responding to a motion to dismiss for lack of personal jurisdiction, they cannot rely on their pleadings but must, by affidavit or otherwise, set forth the specific facts demonstrating that the Court has jurisdiction.  *Theunissen v. SID Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  When considering the affidavits, the court should not "credit conclusory allegations or draw farfetched inferences."  *Masselli & Lane, PC v. Miller & Schuh, PA*, 2000 U.S. App. LEXIS 11932, *4 (4th Cir. May 30, 2000); *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

As explained below, the declaration of Steven J. Williams is conclusory, speculative and should not be considered.  The Williams' declaration is Plaintiffs' only evidence showing Defendants agreed to Co-Star's terms and conditions but, other than offering the unsupported allegation that Defendants agreed to Co-Star's terms and conditions, the declaration (1) fails to positively identify the IP addresses as owned by one of the Defendants and (2) fails to positively identify the person or entity who actually accessed the CoStar website.  Because Plaintiffs' declaration is conclusory, speculative and provides no evidence that any Defendant agreed to Co-Star's terms and conditions, it should not be considered and Defendants' Motions to Dismiss should be granted.

# II.
## DEFENDANT BJA MOVED TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant BJA moved to dismiss Plaintiffs' Original and Amended Complaints. (D.E. 5-7, 12-15).  Plaintiffs filed their Original Petition on October 20, 2008 and served

BJA on October 31, 2008. (D.E. nos. 1, 9). BJA timely filed its Motion to Dismiss for Lack of Personal Jurisdiction and, in the alternative, Motion to Dismiss for Improper Venue and Motion to Transfer Venue (collectively, "Motion to Dismiss"), and Original Answer subject thereto on November 20, 2008. (D.E. 5-7). Plaintiffs' Response to BJA's Motion to Dismiss was due on December 8, 2008. *See Deadlines/Hearings for Case No. 8:08-cv-02767-RWT.* Plaintiffs did not file a response to BJA's Motion to Dismiss on or before December 8, 2008. *Id.* Instead, Plaintiffs filed an Amended Complaint on December 8, 2008. (D.E. 10).

As more fully addressed in BJA's Motion to Strike, Plaintiffs' Amended Complaint is a nullity because it was filed after BJA filed its responsive pleading, without BJA's consent and without leave of court. BJA then filed a Motion to Strike Plaintiffs' Amended Complaint and, in an abundance of caution, an Amended Answer subject to its previously filed Motion to Dismiss. (D.E. 12-14). BJA's Amended Answer noted that it was also subject to the arguments contained in BJA's previously filed Motion to Dismiss and was equally applicable to the arguments contained in Plaintiff's Amended Complaint because the jurisdictional arguments in Plaintiffs' Original Complaint were identical to those contained in Plaintiff's Amended Complaint. (D.E. 12-14). Because Plaintiffs' Amended Complaint neither addressed nor attempted to correct the jurisdictional defects identified in BJA's Motion to Dismiss, BJA specifically noted that an amended Motion to Dismiss was not necessary. (D.E. 12-14).

### III.
### PLAINTIFFS FAILED TO MEET THEIR BURDEN TO ESTABLISH THIS COURT'S PERSONAL JURISDICTION OVER DEFENDANTS

Defendants continue to assert that the District of Maryland has no personal jurisdiction over Defendants and requests that this case be dismissed pursuant to FED. R. CIV. P. 12(b)(2). Since Defendants seek dismissal for lack of personal jurisdiction,

Plaintiffs bear the burden of establishing this Court's jurisdiction over Defendants. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Plaintiffs have failed to carry their burden and this case should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs solely base their allegation that all three Defendants consented to the Court's jurisdiction by <u>someone</u> accessing CoStar's website with a licensed user's name and password on a computer allegedly linked to one of the Defendants. However, as discussed in the Motion to Strike paragraph 5 of the Declaration of Steven J. Williams ("Williams"), this testimony is no evidence at all. First, Plaintiffs, through Williams, fail to positively identify the IP addresses as owned by one of the Defendants, and second, Williams cannot identify who in fact accessed the CoStar website.[1] Therefore, Plaintiffs have no evidence that any of the Defendants agreed to Plaintiffs' Terms of Service and forum selection clause contained therein, and have no evidence that any of the Defendants consented to jurisdiction in Maryland. This case should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Alternatively, should this Court determine that HPC agreed to the Terms of Service by having admitted it used CoStar's services, this provides no basis for personal jurisdiction over Jackson or BJA. At the very least, this case should be dismissed against Jackson and BJA.

## IV.
## THE FIRST FILED RULE SHOULD APPLY AND TRANSFER IS WARRANTED

This Court should apply the first filed rule and transfer this action to the Southern District of Texas. Notably, Plaintiffs do not argue that the claims in this case are

---

[1] As far as Williams knows, the licensed user could have accessed CoStar's services at the listed IP addresses.

materially related to the claims already pending in the Southern District of Texas, and which were filed prior to the claims set forth in this case. Furthermore, the Southern District of Texas has not dismissed the case, therefore it still retains jurisdiction over the case.

Plaintiffs disingenuously argue that the first filed rule should not apply because the timing of BJA's complaint "strongly suggests that they improperly filed the Texas action for forum shopping purposes in anticipation of litigation." *See Plaintiffs' Response at pg. 17.* Despite having no evidence to support their position, Plaintiffs ignore the applicable rule that "[D]eparture from the first-filed rule is an exception only to be utilized in 'rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *PBM Products, Inc. v. Mead Johnson & Co.*, 2001 WL 841047 at *2 (E.D. Va. Apr. 4, 2001).

Jackson and BJA did not "forum shop" when they filed suit against Plaintiffs in Texas. The facts forming the basis of Jackson and BJA's Texas Complaint are based on Co-Star's improper conduct in Harris County, Texas. Co-Star's improper conduct formed the basis of Jackson and BJA's cause of action under Texas law, and suit was properly filed against Co-Star in Harris County, Texas. Therefore, no "rare or extraordinary circumstance" exists to disregard the first filed rule, and this Court should transfer the case to the Southern District of Texas.

**WHEREFORE, PREMISES CONSIDERED**, Bill Jackson, individually, Bill Jackson and Associates Appraisers and Houston Property Consultants respectfully request that this Court strike the fifth paragraph of Steven Williams' declaration, grant their Motion to Dismiss for Lack of Personal Jurisdiction, or alternatively, grant their

Motion to Transfer Venue to the docket of the United States District Court of Judge Gray Miller in the Southern District of Texas, Houston Division, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**Bromberg Rosenthal LLP**

By: /s/ Eugene W. Policastri
Eugene W. Policastri (14917)
401 N. Washington St., Suite 500
Rockville, MD  20850
301-251-6200
301-309-9436 – Facsimile
ewpolicastri@brsglaw.com

Attorneys for Defendant,
Bill Jackson and Associates


**OF COUNSEL:**

**Strasburger & Price, L.L.P.**
**WILLIAM A. HARRISON**
Texas State Bar No. 09125000
U.S. D.C. Tex., Southern District Bar No. 2498
1401 McKinney, Suite 2200
Houston, Texas 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February, 2009, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

/s/ Eugene W. Policastri
**Eugene W. Policastri**