# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**COSTAR REALTY INFORMATION, INC.,**
2 Bethesda Metro Center, 10th Floor
Bethesda Maryland  20814,

And

**COSTAR GROUP, INC.,**
2 Bethesda Metro Center, 10th Floor
Bethesda, Maryland  20814,　　　　　　　　　　CIVIL ACTION NO. 08-CV-2767

　　　　　Plaintiffs,

v.

**BILL JACKSON, INC., d/b/a
BILL JACKSON & ASSOCIATES**
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

**BILL JACKSON, Individually**
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

**HOUSTON PROPERTY CONSULTANTS**
17024 Butte Creek Drive, Suite 200
Houston, Texas  77090-2347

　　　　　Defendants.

### DEFENDANTS BILL JACKSON, INC. d/b/a BILL JACKSON & ASSOCIATES, BILL JACKSON, INDIVIDUALLY, AND HOUSTON PROPERTY CONSULTANTS' AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

　　　　Defendants Bill Jackson, Inc. d/b/a Bill Jackson & Associates ("Bill Jackson & Associates"), Bill Jackson, Individually ("Jackson") and Houston Property Consultants ("HPC") (Bill Jackson & Associates, Jackson, and HPC will be collectively referred to herein as "Defendants"), by and through undersigned counsel, file this their Amended

1

Answer to Plaintiffs' Amended Complaint herein. In support thereof, Defendants would respectfully show as follows:

## I.
## **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants respond to the particular allegations contained in the consecutively numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

1. Defendants do not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

2. Defendants do not have sufficient information to either admit or deny whether the Plaintiff referenced in said paragraph is a Delaware corporation.

3. Denied except to admit that one defendant is a corporate entity known as B.F. Jackson, Inc. d/b/a Bill Jackson & Associates.

4. Denied except to admit that defendant is an individual named Bill Jackson.

5. Denied except to admit that one defendant is a corporate entity known as Houston Property Consultants, Inc.

6. Denied.

7. Defendants deny that the amount in controversy exceeds $75,000 or that Plaintiffs' potential damages exceed $75,000. Denied.

8. Denied.

9. Denied.

10. Defendants do not have sufficient information to admit or deny said allegations.

11. Defendants do not have sufficient information to admit or deny said allegations.

2

12. Defendants do not have sufficient information to admit or deny said allegations.

13. Defendants do not have sufficient information to admit or deny said allegations.

14. Defendants do not have sufficient information to admit or deny said allegations.

15. Defendants do not have sufficient information to admit or deny said allegations.

16. Defendants do not have sufficient information to admit or deny said allegations.

17. Defendants do not have sufficient information to admit or deny said allegations.

18. Defendants do not have sufficient information to admit or deny said allegations.

19. Denied.

20. Defendants do not have sufficient information to admit or deny said allegations.

21. Defendants do not have sufficient information to admit or deny said allegations.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

731101.1/SPH/19870/0101/051309

26. Denied.

27. Denied.

28. Denied.

29. Defendants do not have sufficient information to admit or deny said allegations, therefore the allegations are denied.

30. Defendants do not have sufficient information to admit or deny said allegations, therefore the allegations are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

731101.1/SPH/19870/0101/051309

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## II.
## PRAYER FOR RELIEF

Defendants state that with respect to Plaintiffs' Prayer for Relief, (1) Defendants deny that Plaintiffs are entitled to any damages, as there was no contract nor breach of contract; (2) no preliminary or permanent injunction nor equitable relief is available to Plaintiffs herein because of the absence of clean hands on behalf of Plaintiffs and Plaintiffs' manifestly inequitable and improper conduct in this matter; (3) Defendants were not unjustly enriched to any extent by CoStar or its allegedly copyrighted materials; (4) CoStar is not entitled to any compensation or damages from Defendants; (5) Plaintiffs are not entitled to any alleged "per copyrighted work" damages, because Defendants did not infringe on CoStar's alleged copyrights, either innocently or willfully; (6) Plaintiffs are not entitled to any damages under 17 U.S.C. § 505, nor are they entitled to recover any pre-judgment interest or attorneys fees; and finally (7) CoStar is not entitled to secure any further relief whatsoever.

## III.
## ADDITIONAL DEFENSES

Subject to the foregoing pleas and defenses, Defendants interpose the following defenses and response to the contentions and allegations contained in Plaintiffs' Amended Complaint (both Plaintiffs herein sometimes referred to as "Plaintiff"):

1. **First Defense**

Defendant Bill Jackson & Associates is a small, independent business solely engaged in residential real estate appraisals in the greater Houston, Texas area. It is incorporated as B.F. Jackson Inc. d/b/a Bill Jackson Associates Appraisers, and therefore there should be no personal liability assessed against Bill Jackson.

Bill Jackson & Associates had no dealings whatsoever with Plaintiffs: Plaintiffs' Complaint admits their alleged copyrighted products, data, and software deal only with commercial real estate. Bill Jackson & Associates would show that an entity named Houston Property Consultants, that deals solely with Texas commercial real estate appraisals, on limited occasions may have accessed Plaintiffs' products or services, and did so with full authority, both actual and apparent, conferred on it by Bolton & Baer ("Baer"), who had been duly authorized by Plaintiffs, both actually and apparently, to grant the right for others to access Plaintiffs' database and websites.

2. **Second Defense**

By virtue of Plaintiffs' conduct and business relationship with Baer, a Dallas-based customer and licensee, it vested Baer with actual and apparent authority to grant the right to authorize others to access Plaintiffs' websites and databases. Hence, when Houston Property Consultants accessed Plaintiffs' database and software systems, if ever, and then only on very limited occasions, it was fully authorized to do so. Neither Defendant Bill Jackson & Associates nor Defendant Bill Jackson, individually, ever accessed said websites and databases, as it had no use for Plaintiffs' products or services.

6
731101.1/SPH/19870/0101/051309

1. **First Defense**

Defendant Bill Jackson & Associates is a small, independent business solely engaged in residential real estate appraisals in the greater Houston, Texas area. It is incorporated as B.F. Jackson Inc. d/b/a Bill Jackson Associates Appraisers, and therefore there should be no personal liability assessed against Bill Jackson.

Bill Jackson & Associates had no dealings whatsoever with Plaintiffs: Plaintiffs' Complaint admits their alleged copyrighted products, data, and software deal only with commercial real estate. Bill Jackson & Associates would show that an entity named Houston Property Consultants, that deals solely with Texas commercial real estate appraisals, on limited occasions may have accessed Plaintiffs' products or services, and did so with full authority, both actual and apparent, conferred on it by Bolton & Baer ("Baer"), who had been duly authorized by Plaintiffs, both actually and apparently, to grant the right for others to access Plaintiffs' database and websites.

2. **Second Defense**

By virtue of Plaintiffs' conduct and business relationship with Baer, a Dallas-based customer and licensee, it vested Baer with actual and apparent authority to grant the right to authorize others to access Plaintiffs' websites and databases. Hence, when Houston Property Consultants accessed Plaintiffs' database and software systems, if ever, and then only on very limited occasions, it was fully authorized to do so. Neither Defendant Bill Jackson & Associates nor Defendant Bill Jackson, individually, ever accessed said websites and databases, as it had no use for Plaintiffs' products or services.

### 3. Third Defense

Much of the activity Plaintiffs allege against Defendants has nothing whatsoever to do with Defendants, but is the result of the conduct of others unknown to Defendants and over whom Defendants exercised no direction nor control whatsoever.

### 4. Fourth Defense

Defendants had no contract or agreement whatsoever with Plaintiffs or any third party as to Plaintiffs' allegedly copyrighted products, therefore Defendants have not breached any express or implied contract with Plaintiffs. Further, there was never any meeting of the minds between Plaintiffs and Defendants or any third-party involved with Baer as to the essential terms that would cause a contract to be formed, including but not limited to price, scope of services, or other essential terms of any contract.

### 5. Fifth Defense

Defendants would show that Plaintiffs' business conduct and practices on which their alleged claims are based are so loosely and clumsily constructed as to constitute negligence and contributory fault with respect to the claims made in their Complaint, which was the proximate and sole cause of any alleged damage claimed by Plaintiffs. Defendants would show that Plaintiffs' conduct constituted negligence and gross negligence, such as to be a legal bar to any recovery to the matters alleged in their Complaint.

### 6. Sixth Defense

Plaintiffs' conduct throughout the period set forth in its Complaint and thereafter, up to the date suit was filed, was so improper and wrongful as to constitute a complete and utter lack of clean hands, and has been so inequitable and over-reaching that

Plaintiffs are barred from securing any equitable or legal recovery whatsoever in this case. .

### 7. Seventh Defense

Plaintiffs' conduct at all times relevant to their claims as to Defendants has created a bar that should preclude the granting of any relief or the recovery of any damages in excess of $400 a month, during which an authorized third-party had authorized access to Plaintiffs' websites and database.

### 8. Eighth Defense

Defendants would show that Plaintiffs have not sustained any damage in the amount of $5,000 or more during any one year as they allege, but in fact Plaintiffs have repeatedly admitted and agreed that their use of the products and services to a user in Bill Jackson & Associates' position would not exceed the amount of $400 per month.

### 9. Ninth Defense

Defendants would show that much of the activities alleged by Plaintiffs constitute repeated use of a single compilation and hence will, as a matter of law, constitute only a single act of alleged infringement, and not multiple infringements as Plaintiffs allege.

### 10. Tenth Defense

Defendants would further show that some of the allegations of Plaintiffs are barred by the "Fair Use" Doctrine, so do not legally constitute copyright infringement at all.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiffs take nothing by reason of their Complaint herein, that the claims asserted herein against all Defendants be dismissed, with prejudice, that Defendants be discharged and released;
<mark>
</mark>

that Defendants recover their costs; and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled to receive.

>Respectfully submitted,
>**Strasburger & Price, L.L.P.**
>
>By: /s/ William A. Harrison
>    **WILLIAM A. HARRISON**
>    Texas State Bar No. 09125000
>    U.S.D.C. Southern District Tex. No. 2498
>    1401 McKinney, Suite 2200
>    Houston, Texas 77010
>    (713) 951-5600 – Telephone
>    (713) 951-5660 – Facsimile
>    william.harrison@strasburger.com
>
>Attorneys for Defendants, Bill Jackson, Inc. d/b/a Bill Jackson and Associates, Bill Jackson, Individually, and Houston Property Consultants

**OF COUNSEL:**
**Bromberg Rosenthal LLP**
**EUGENE W. POLICASTRI** (14917)
401 N. Washington St., Suite 500
Rockville, MD 20850
301-251-6200 - Telephone
301-309-9436 – Facsimile
ewpolicastri@brsglaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 13th day of May, 2009, a true and correct copy of the foregoing document was served upon all counsel of record via electronic notice from the Clerk of the Court.

>/s/ Eugene W. Policastri
>**Eugene W. Policastri**

731101.1/SPH/19870/0101/051309